# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL S. ELKINS,

        Plaintiff,

        v.                          Case No.  04-C-85

BELINDA SCHRUBBE,
G.W. OR G.N., Health Service Worker,
GEORGE KAEMERER, MR. CLEMENTS,
DR. LARSON, J. FUERSTENBERG,
D. POLINSKI, T. NEHL, JOHN DOE,
J. RAY, J. MUENCHOW, S. TONN,
W. SCHULTZ, S. WALLINTIN,
CORRECTIONAL OFFICER LEBOUTON,
CORRECTIONAL OFFICER SPURGEON,
CORRECTIONAL OFFICER ROHKE,
OFFICER WEIGEL, SGT. MCCARTHY,
CAPT. TETZLAFF, N. WEBSTER,
CAPTAIN O'DONOVAN, J. MCDONALD,
W. BORNER, SOCIAL WORKER ALDRICH,
P. KNICK, D. BUSHWEILER, JANE DOE, Nurse,
G. WALTZ, CAPT. MURANSKI, LT. WRIENGAS,
LT. CLUGTH, SGT. HUELSMAN, SGT. SMITH,
and SGT. KNAPP,

        Defendants.

_____

ORDER DENYING DEFENDANTS T. NEHL AND JOHN DOE'S MOTION TO DISMISS
(DOC. #70), DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (DOC.
#101), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
(DOC. #101), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER (DOC. #103), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC.
#107), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS
PAGES (DOC. #112), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(DOC. #113), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. #126), AND
DENYING PLAINTIFF'S MOTION FOR INJUNCTION (DOC. #132)

        Plaintiff, Michael S. Elkins, has filed two motions for injunctive relief, two

motions for sanctions, a motion for summary judgment, and a motion for leave to exceed

30-page brief limit.  Defendants T. Nehl and John Doe have filed a motion to dismiss the amended complaint.  All of these motion will be addressed below.

## MOTION TO DISMISS

On December 7, 2004, defendants Dodge County Sheriff T. Nehl and John Doe Deputy Sheriff filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  These defendants contend that Elkins is barred from bringing this action until he pays all outstanding filing fees and sanctions from his myriad litigation, as he has incurred three "strikes" under the Prison Litigation Reform Act.

Elkins, on the other hand, contends that the motion to dismiss is without merit because he was allowed to proceed *in forma pauperis* in this case prior to incurring his third strike.  The original complaint was filed on January 26, 2004, and Elkins was granted leave to proceed *in forma pauperis* on April 12, 2004.  Elkins incurred his third strike on August 17, 2004.

Defendants T. Nehl and John Doe maintain that the bar applies because they were not added as defendants until October 17, 2004, after Elkins' third strike was imposed.

The Prison Litigation Reform Act's "three-strikes" provision provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated of detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[1]Defendants T. Nehl and John Doe are represented by Attorneys Marianne Morris Belke and Raymond J. Pollen of Crivello Carlson & Mentkowski SC.  The remaining defendants are represented by Assistant Attorney General Corey F. Finkelmeyer of the Wisconsin Department of Justice.

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

It is undisputed that Elkins received his third strike on August 17, 2004. Thus, as of August 17, 2004, he may not bring a civil action *in forma pauperis* unless he is under imminent danger of serious physical injury. Also, it is undisputed that Elkins filed this action and was granted leave to proceed *in forma pauperis* prior to the date that he incurred his third strike.

On September 10, 2004, Elkins filed a motion to amend the complaint along with a proposed second amended complaint. The court granted his motion to amend and screened the second amended complaint pursuant to 28 U.S.C. § 1915A on October 17, 2004.[2]

Defendants T. Nehl and John Doe do not cite to any relevant authority in support of their contention that Elkins cannot proceed on certain claims against them in the second amended complaint. Clearly, if Elkins had filed an entirely new complaint along with a petition to proceed *in forma pauperis* after August 17, 2004, he would not have been allowed to proceed *in forma pauperis* unless under imminent danger of serious physical injury. However, he was granted leave to proceed prior to incurring his third strike and the amended complaints relate back to the date of the original complaint to the extent that it addresses matters pertaining to the original complaint. Fed R. Civ. P. 15(c). Hence, 28

_____

[2]The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

U.S.C. §1915(g) does not apply and the motion to dismiss filed by defendants T. Nehl and John Doe must be denied.

## PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

On February 7, 2005, Elkins filed a motion for injunctive relief and temporary restraining order. He filed a motion for injunction and restraining order on February 15, 2005, and on March 23, 2005, Elkins filed a motion for injunction.[3]

The February 7, motion seeks an order that all of Elkins' legal work be returned and never removed from his custody. Moreover, it asks that an incident report be written concerning the seizure of Elkins' legal work on February 2, 2005. Further, Elkins requests a temporary restraining order directing that he be transferred from the Waupun Correctional Institution, because of ongoing retaliation by the defendants. Elkins' February 15, 2005, motion requests that the court order the defendants to release his legal work, so that he may file a motion for summary judgment in this case. The February 23, 2005, motion seeks a transfer to another institution based on the defendants opening his legal mail and retaliating against him.

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step burden, the court must balance the irreparable

---

[3] On February 15, 2005, the court ordered the defendants to respond to Elkins' February 7, 2005, motion. On February 24, 2005, defendants T. Nehl and John Doe filed a response to Elkins' February 7 and February 15, 2005, motions. On February 23, 2005, the remaining defendants filed their response to Elkins' February 7 and February 15, 2005, motions.

4

harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* Further, the court must consider the effect of the injunction on nonparties. *Id.*

Elkins filed his motion for summary judgment in this case on February 17, 2005. The motion includes a supporting brief, proposed findings of fact and conclusions of law, and hundreds of pages of exhibits. Moreover, Elkins files motions and letters in this and several other cases he has pending in this court regularly. The voluminous motions, exhibits, and other filings by Elkins in this case (and others) demonstrate that he is not being prevented from conducting legal work. Hence, he has not shown that he will suffer irreparable harm if injunctive relief is not granted. Additionally, Elkins has not demonstrated that he does not have an adequate remedy at law or a reasonable likelihood of success on the merits. Therefore, his motions for injunctive relief will be denied.

## PLAINTIFF'S MOTIONS FOR SANCTIONS

On February 16, 2005, Elkins filed "Plaintiff's Motion for the Court to Impose Sanctions Against the Defendant(s) per Rule 37(a)." This motion seeks sanctions against Assistant Attorney General Corey F. Finkelmeyer for failing to comply with Elkins' discovery requests. Elkins filed another motion on March 11, 2005, "petitioning this court to impose sanctions against all defendants for failure to comply with 'discovery' and for misleading this court into thinking they were." (Pl.'s Mar. 11, 2005, Mot. for Sanctions at 1.)

Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order regarding discovery. In this case, the court has not issued a discovery order with which the

5

defendants have failed to comply.  Thus, Elkins' motions for Rule 37 sanctions must be denied.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On February 17, 2005, the plaintiff filed a motion for summary judgment.  He also filed a motion to exceed 30 page brief limit delineated in Civil L.R. 7.1.  On March 14, 2005, AAG Finkelmeyer filed a letter informing the court that Elkins' submission "should in no way be construed as a motion for summary judgment."  He also proposes a dispositive motion filing deadline of May 23, 2005.

Attorney Finkelmeyer asserts that:

> Elkins' submission of February 17, 2005, should not and cannot be considered a properly filed motion for summary judgment under Fed. R. Civ. P. 56 and Civil L.R. 7.1. This is true for several reasons.  First, Elkins has failed to develop any legal argument in his 'brief' in support of his 'motion.'  Elkins' 'brief' is no such thing.  *See* Docket # 114. Elkins' 'brief' develops no legal theory whatsoever.  It is completely devoid of any substance and violates Civil L.R. 7.1. Second, Elkins has filed no affidavit in support of his 'motion.' There is absolutely no sworn testimony whatsoever.  Third, Elkins has failed to certify any exhibits.  It is unclear from where or from whom Elkins' 'exhibits' came.  Fourth, all of the 'exhibits' attached to the 'motion' are out of order.  It has taken a significant amount of staff time within the Attorney General's Office to even attempt to put these 'exhibits' in some semblance of order.  It is unclear if that has even been accomplished.  Finally, Elkins continues to file 'supplements' to his 'motion.'  Defendants cannot be expected to hit a constantly moving and harassing target.  Therefore, the State defendants will not be responding to Elkins' so-called 'motion for summary judgment' by March 17, 2005. State quite simply, there is absolutely nothing to which to respond.

(Letter, Mar. 15, 2005, at 1.)

In his summary judgment materials, Elkins does not reference any admissible evidence in a proper form under Federal Rule of Civil Procedure 56. Civil Local Rule 56.2 provides in relevant part:

> Motions for summary judgment must comply with Fed.R.Civ.P. 56 and Civil L.R. 7.1. In addition, with the exception of Social Security reviews the following requirements must be met:
>
> (a) Motion. The moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).
>
> (1) The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.
>
> (2) Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.

Civil L.R. 56.2(a) (E.D. Wis.).

Review of Elkins' motion for summary judgment results in the conclusion that it fails to comply with Local Rules and the Federal Rules of Civil Procedure. Elkins should be familiar with these procedural rules inasmuch as he is a frequent filer in this court. "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). Based on the

foregoing, Elkins' motion for summary judgment will be denied. As a consequence, his motion to exceed the page limits on his summary judgment brief is moot.

As noted, AAG Finkelmeyer proposed a dispositive motion filing deadline of May 23, 2005. There is no indication of any objection to this deadline.

Now, therefore,

IT IS ORDERED that the defendants T. Nehl and John Doe's motion to dismiss (Docket #70) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for injunctive relief (Docket #101) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for temporary restraining order (Docket #101) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for temporary restraining order (Docket #103) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions (Docket #107) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file excess pages (Docket #112) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (Docket #113) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions (Docket #126) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for injunction (Docket #132) is DENIED.

IT IS FURTHER ORDERED that motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **May 23, 2005**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Local Rule 7.1 (E.D. Wis.) are included with this order.

If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must file affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Dated at Milwaukee, Wisconsin, this 20th day of April, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge

9